## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

| | |
|---|---|
| **CAMILLE M. SHARPE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Civil Action No. 1:13-7333** |
| ) | |
| **BARBARA RICKARD, Warden,**[1] ) | |
| ) | |
| Respondent. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's Motion to Dismiss (Document No. 11.), filed on May 22, 2014. The Court notified Petitioner pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Petitioner had the right to file a response to Respondent's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting her claims as they are challenged by the Respondent in moving to dismiss. (Document No. 12.) Petitioner failed to file a Response to Respondent's Motion. Having examined the record and considered the applicable law, the undersigned has concluded that Respondent's Motion should be granted.

### PROCEDURE AND FACTS

On March 12, 2013, Petitioner,[2] acting *pro se*, filed in the Southern District of Florida an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal

---

[1] Barbara Rickard is the appropriate Respondent in this action as she is the current Warden at FPC Alderson. *See* 28 U.S.C. § 2241; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004)(the proper respondent for a habeas petition is the petitioner's immediate custodian). Federal Rule of Civil Procedure 25(d)(1) permits substitution of parties for public officers named as parties in an action.

[2] Petitioner was convicted in the United States District Court for the Southern of Florida for Conspiracy to Possess with Intent to Distribute MDMA and BZP, in violation of 21 U.S.C. § 846. *United States v. Sharpe*, Case No. 1:11-cr-20188 (S.D.Fl. Sep. 9, 2011). On September 9, 2011, the District Court sentenced Petitioner to a 37-month term of imprisonment to be followed by 2 years of supervised release.

Custody. (Document No. 1.) Petitioner alleges that the Federal Bureau of Prisons [BOP] is improperly denying her 90 days of Residential Re-entry Center [RRC] placement. (Id.) Petitioner first contends the BOP failed to consider her for RRC placement in a timely manner. (Id.) Next, Petitioner argues that the "Unit Staff is also utilizing the statutory good time days that have already been awarded to me for good institutional conduct in place of CCM placement time." (Id.) As relief, Petitioner requests that the Court order "direct home confinement or 90 days CCC placement from home confinement date." (Id.)

By Order entered on April 5, 2013, the District Court for the Southern District of Florida transferred this matter to this District as Petitioner was incarcerated at FPC Alderson. (Document No. 5.) On April 12, 2013, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 7.)

On April 19, 2013, Respondent filed her Response to the Order to Show Cause. (Document No. 9.) Respondent argued that Petitioner's Petition should be denied based on the following: (1) Petitioner did not exhaust her administrative remedies (Id., pp. 3 - 4.); (2) "The BOP has fulfilled its obligation to review Petitioner for an RRC placement pursuant to the factors in 18 U.S.C. § 3621(b)" (Id., pp. 4 - 6.); and (3) "Petitioner's RRC Recommendation was timely" (Id., pp. 6 - 7.). As Exhibits, Respondent filed the following: (1) The "Declaration of Sharon Wahl" dated April 17, 2013 (Document No. 9-1, pp. 1 - 2.); (2) A copy of Petitioner's Judgment and Commitment as filed in Case No. 1:11-cr-20188 (Id., pp. 4 - 9.); (3) A copy of Petitioner's "Public Information Inmate Data as of 04-16-2013" (Id., pp. 11 - 13.); (4) A copy of Program Statement 7430.02, "Community Transitional Drug Abuse Treatment" (Id., pp. 15 - 58.); (5) A copy of Program Statement 7310.04, "Community Corrections Center (CCC) Utilization and Transfer Procedures" (Id., pp. 60 - 89.); (6) A copy of

Petitioner's Supervision Release Plan dated November 7, 2012 (Id., p. 91.); (7) A copy of Petitioner's RDAP Expulsion Notice dated January 7, 2013 (Id., p. 93.); (8) A copy of Petitioner's Program Review dated February 5, 2013 (Id., p. 95.); (9) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" dated April 16, 2013 (Id., p. 97.); and (10) A copy of Petitioner's Supervised Release Plan dated August 30, 2012 (Id., p. 99.). Petitioner did not file a Reply or Objections to Respondent's Answer.

On May 23, 2014, Respondent filed a Motion to Dismiss. (Document No. 11.) Specifically, Respondent argues that Petitioner's Section 2241 Petition should now be dismissed as moot because "Petitioner was released from FPC Alderson via Good Conduct Time release on June 4, 2013." (Id.) As Exhibits, Respondent attaches the following: (1) The "Supplemental Declaration of Sharon Wahl" dated May 19, 2014 (Id., pp. 5 - 6.); (2) A copy of Petitioner's "Inmate Profile" dated May 19, 2014 (Id., p. 6.); (3) A copy of Petitioner's "Public Information Inmate Data As of 05-19-2014" (Id., p. 7.); and (4) A copy of Petitioner's "Public Information Inmate Data As of 06-4-2013" (Id., pp. 8 - 9.). Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner on May 23, 2014, advising her of the right to file a response to the Respondent's Motion to Dismiss. (Document No. 12.) Petitioner, however, failed to file a Response to Respondent's Motion to Dismiss.

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be

3

redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody[3] and the absence of collateral consequences, and therefore, her Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's Motion to Dismiss (Document No. 11.) and **REMOVE** this matter from the Court's docket.

---

[3] The record indicates that Petitioner was released from custody on June 4, 2013. (Document No. 11, pp. 5 - 7.)

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: October 28, 2014.

R. Clarke VanDervort
United States Magistrate Judge